**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRIAN NEIL GRACE,

    Defendant-Appellant.

No. 06-2024

(D.C. No. CR-05-148-JCH)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McCONNELL**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,
ordered submitted without oral argument.

Having entered a conditional guilty plea to one count of bank robbery in violation
of 18 U.S.C. § 2113(a) and one count of armed bank robbery in violation of 18 U.S.C. §
2113(a), (d), Defendant Brian Grace appeals the denial of his motion to suppress an

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

incriminating statement, along with all evidence derived therefrom. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

"'When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless clearly erroneous, and review de novo the ultimate determination of reasonableness under the Fourth Amendment.'" United States v. Apperson, 441 F.3d 1162, 1184 (10th Cir. 2006) (quoting United States v. Katoa, 379 F.3d 1203, 1205 (10th Cir. 2004)). As he did before the district court, Grace contends on appeal that Officer Lindell Wright did not have reasonable articulable suspicion to support the stop. In response, the United States argues that the interaction between Grace and Wright was a consensual encounter requiring no level of suspicion. In the alternative, the United States asserts that the similarity between Grace and his car and the description of the bank robbery suspect and the suspect's car provided Wright with reasonable articulable suspicion to stop Grace's vehicle.

For the reasons stated by the district court, even if we conclude that Wright had seized Grace, Wright had reasonable articulable suspicion to detain Grace. As a result, the district court did not err in denying Grace's motion to suppress.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

-2-